AUSA:    DePorre                Telephone:  (810) 766-5177
AO 91 (Rev. 11/11)  Criminal Complaint         Task Force Officer:    Black, ATF           Telephone:  (810) 341-5710

# UNITED STATES DISTRICT COURT
### for the

### Eastern District of Michigan

United States of America

   v.

Demarius Darnell Fisher,

Case: 4:26-mj-30377
Judge: Ivy, Curtis
Filed: 06-25-2026

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of April 27, 2026; May 5, 2026; and May 14, 2026 in the county of Genesee in the Eastern District of Michigan, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Distribution of a controlled substance |

This criminal complaint is based on these facts:

There is probable cause to believe that on April 27, 2026; May 5, 2026; and May 14, 2026, in the Eastern District of Michigan, Demarius Fisher distributed controlled substances in violation of 21 U.S.C § 841 (a)(1).

☑ Continued on the attached sheet.

_Complainant's signature_

Cody Black, Task Force Officer, ATF
_Printed name and title_

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date:  June 25, 2026

City and state:  Flint, MI

_Judge's signature_

Hon. Curtis Ivy, Jr., United States Magistrate Judge
_Printed name and title_

**AFFIDAVIT IN SUPPORT OF AN
APPLICATION FOR A CRIMINAL COMPLAINT**

I, Cody Black, being first duly sworn, hereby state:

**INTRODUCTION**

1.      I have been employed by the Michigan State Police since January of 2020. Currently, I am a Detective Trooper Specialist with the Michigan State Police 3rd District Special Investigation Section assigned to a Multi-Jurisdictional Task Force as a Task Force Officer (TFO) with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). I am tasked with investigating violations of firearms and narcotics laws. Before being assigned to the ATF, I was assigned to the Michigan State Police Secured Cities Partnership (SCP), and worked in conjunction with Lansing's Violent Crimes Initiative (VCI) in Lansing MI. During this time, I investigated numerous incidents involving narcotics trafficking, robberies, shootings, weapon offences, homicides, as well as violations of both State and Federal laws.

2.      I make this affidavit from personal knowledge based on my participation in this investigation, including interviews other law enforcement agents or I conducted, communications with others who have personal knowledge of the events and circumstances that I have described below, and information gained

1

through my training and experience. This affidavit is intended to show merely that there is sufficient probable cause for the requested Criminal Complaint and does not set forth all of my knowledge about this matter.

3. Based on the facts in this affidavit, there is probable cause that Demarius Darnell Fisher has committed violations of 21 U.S.C. § 841(a)(1) (distribution of controlled substances).

## PROBABLE CAUSE

4. In April of 2026, ATF began investigating Demarius Fisher when a reliable confidential informant (ATF-1) provided information about Fisher selling controlled substances. As part of the investigation, undercover ATF agents (UCA-1 and UCA-2) purchased controlled substances directly from Fisher on three separate occasions.

5. *Controlled Buy 1.* On April 27, 2026, UCA-1 and ATF-1 conducted a controlled purchase of cocaine base from Fisher in Genesee County, Michigan.

6. Before the controlled purchase, an ATF agent met ATF-1 at a pre-arranged location and gave ATF-1 pre-recorded money to purchase drugs. An agent searched ATF-1's person for money, weapons, and drugs; however, no such items were located. ATF-1 engaged in recorded telephonic communications with Fisher to arrange the transaction.

7. UCA-1 drove ATF-1 to the pre-arranged deal location. The location was a business open to the public, where they met with Fisher.

8. Law enforcement kept UCA-1 and ATF-1 under constant surveillance as they traveled to the pre-arranged deal location. Agents and officers also provided UCA-1 and ATF-1 with an audio/video transmitter, which agents and officers monitored during the controlled purchases.

9. During the controlled purchase, UCA-1 purchased a quantity of cocaine base directly from Fisher utilizing the provided agent cashier funds, also known as "buy money." After the transaction, UCA-1 and ATF-1 drove to a secure location where UCA-1 provided me with the narcotics.

10. The narcotics were submitted to the Michigan State Police Forensic Science Division for testing. The results of analysis indicated that the weight of the provided substance was 13.82 grams, and the substance was identified as "cocaine base."

11. *Controlled Buy 2.* On May 5, 2026, UCA-1 and ATF-1 conducted a controlled purchase of cocaine from Fisher in Genesee County, Michigan.

12. Before the controlled purchase, an ATF agent met ATF-1 at a pre-arranged location and gave ATF-1 pre-recorded money to purchase drugs. An agent searched ATF-1's person for money, weapons, and drugs; however, no such items

3

were located. ATF-1 engaged in recorded telephonic communications with Fisher to arrange the transaction.

13.    UCA-1 drove ATF-1 to the pre-arranged deal location.   Law enforcement kept UCA-1 and ATF-1 under constant surveillance as they traveled to the pre-arranged deal location. Agents and officers also provided UCA-1 and ATF-1 with an audio/video transmitter, which agents and officers monitored during the controlled purchases.

14.    After UCA-1 and ATF-1 arrived at the deal location, a white Cadillac arrived at the deal location. UCA-1 observed that Fisher was the sole occupant and driver of the Cadillac.

15.     During the controlled purchase, UCA-1 purchased suspected cocaine directly from Fisher utilizing the provided agent cashier funds. At the completion of the transaction, UCA-1 and ATF-1 drove to a secure location where UCA-1 provided me the suspected cocaine.

16.    The narcotics were submitted to the Michigan State Police Forensic Science Division for testing. The results of analysis indicated that the weight of the provided substance was 27.91 grams, and the substance was identified as "cocaine HCL".

17. ***Controlled Buy 3.*** On May 14, 2026, UCA-1 and another undercover ATF agent (UCA-2) conducted a controlled purchase of cocaine base from Fisher in Genesee County, Michigan.

18. Beforehand, UCA-1 or UCA-2 arranged the transaction by engaging in recorded telephonic communications with Fisher.

19. UCA-1 and UCA-2 drove to the pre-arranged deal location. Law enforcement kept UCA-1 and ATF-1 under constant surveillance as they traveled to the pre-arranged deal location. Agents and officers also provided UCA-1 and ATF-1 with an audio/video transmitter, which agents and officers monitored during the controlled purchases. During the transaction, the video recorder for UCA-1 malfunctioned.

20. After the UCA-1 and UCA-2 arrived at the deal location, Fisher arrived in a Hyundai Sonata. Fisher was the sole occupant of the Sonata.

21. During the controlled purchase, UCA-1 purchased a quantity of crack-cocaine directly from Fisher, utilizing agent cashier funds.

22. After the completion of the controlled purchase, UCA-1 and UCA-2 left and drove to a secure location. I met with UCA-1 who provide me with the suspected crack cocaine.

23. The narcotics were submitted to the Michigan State Police Forensic Science Division for testing. The results of analysis indicated that the weight of the

provided substance was 25.60 grams, and the substance was identified as "cocaine base."

## CONCLUSION

24.     Based on the foregoing, I have probable cause to believe that on April 27, 2026; May 5, 2026; and May 14, 2026, in the Eastern District of Michigan, Demarius Fisher distributed controlled substances in violation of 21 U.S.C § 841 (a)(1).

Respectfully submitted,

Cody Black, Affiant
Task Force Officer

Sworn to before me and signed in my presence and/or by reliable electronic means on ___June 25, 2026_____ .

Hon. Curtis Ivy, Jr.
United States Magistrate Judge

6